IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID MARK IRIZARRY et al

    Plaintiffs

    v.

EUROBANK; IDAMIS CABRA CORDERO

    Defendant

Civil No. 10-1703 (SEC)

**OPINION AND ORDER**

Pending before this Court is Defendant Federal Deposit Insurance Corporation's ("FDIC") motion to dismiss. Docket # 10. Plaintiffs did not oppose. After reviewing the filings, and the applicable law, Plaintiff's claims are **DISMISSED without prejudice**.

**Factual and Procedural Background**

On July 22, 1010, the FDIC filed a notice of removal from the Court of First Instance, Carolina Part asserting that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1819 and 1331. Docket # 1. The FDIC informed that on April 30, 2010, they were as appointed receiver of Eurobank by order of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico. Upon its appointment as receiver, FDIC became the owner of all assets previously owned by Eurobank, the original defendant in the state court suit, including its rights to the assets or obligations which are the subject of the above styled action and any judgment entered in this action. Shortly thereafter, the FDIC requested the appointment of a U.S. Magistrate. Docket # 5. To this date, Plaintiff has not moved to remand nor filed a response to the FDIC's motion for appointment of a U.S. Magistrate.

A Status Conference was held before this Court on November 16, 2010, whereupon the FDIC was granted until December 3, 2010 to move for dismissal. Docket # 8. Plaintiffs did not

appear at said conference. On December 13, 2010, the FDIC filed the present motion, arguing that dismissal is proper insofar as Plaintiffs failed to exhaust administrative remedies as required under 12 U.S.C. § 1821(d). Plaintiffs have not filed an opposition.

**Applicable Law and Analysis**

Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), "persons having claims against the assets of a failed financial institution are subject to the administrative claims review process prescribed by 12 U.S.C. § 1821(d)." FDIC v. Kane, 148 F.3d 36, 38 (1st Cir. 1998). Under Section 1821(d)(3)(B) and (C), the FDIC, as receiver of the bank, must publish and mail notice of liquidation to any persons appearing as creditors on the institution's books and allow at least ninety days for filing of claims. Id. Claimants must then submit any administrative claims to the receiver by the date specified in the published notice, which we will refer to as the bar date. Id. (citing 12 U.S.C. § 1821(d)(3)(B)(I)). The First Circuit has noted that "participation in the administrative claims review process is mandatory for all parties asserting claims against failed institutions . . . ." Id. (citing Marquis v. FDIC, 965 F.2d 1148, 1151 (1st Cir. 1992)). Failure to participate in the administrative process constitutes a failure to exhaust administrative remedies, and thus, bars judicial review. Id.; see also Heno v. FDIC, 20 F.3d 1204, 1207 (1st Cir. 1994).

The argument that courts lack jurisdiction over claims filed against the bank prior to the is incorrectly based on the presumption that Section 1819(d)(13)(D) divests courts of subject matter jurisdiction. FIRREA, however, "contains provisions that could arguably be read to create a different regime for cases that were commenced in court before the FDIC was named as a receiver." Yeomalakis v. FDIC, 562 F.3d 56, 60 (1st Cir. 2009) (citing § 1821(d)(6)(A)). In Marquis v. FDIC, 965 F.2d 1148 (1st Cir. 1992), the First Circuit adopted a pragmatic interpretation that is governing law in this circuit, and established that "federal courts retain

**CIVIL NO. 10-1703 (SEC)**                                                                                   Page 3

[subject matter] jurisdiction of cases brought before the receivership, but said that courts would usually stay pending cases to allow for administrative exhaustion of claims." Yeomalakis, 562 F.3d at 60 (citing Marquis, 965 F.2d at 1155). Therefore, upon the FDIC's appearance as a receiver, a district court will ordinarily stay a claim it has not yet decided, thus suspending instead of dismissing the suit until all administrative remedies are exhausted. The court's holding is based on Section 1821 which provides that "the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." 12 U.S.C. § 1821(d)(5)(F)(ii). Moreover, said section provides that after its appointment, a receiver may request a stay in any legal action against the insured depository institution for a period not to exceed 90 days. 12 U.S.C. § 1821(d)(12)(A). In light of the foregoing, the FDIC's argument that dismissal is automatically warranted is unpersuasive. As the First Circuit pointed out, it is "difficult to imagine why Congress would have felt a need to provide for stays of pending suits, if such suits were automatically to be dismissed." Marquis, 965 F.2d at 1153.

      Although the appeals court "specifically limited the reach of the *Marquis* holding to actions pending in a federal court prior to the FDIC's appointment as receiver or conservator," Sunshine Dev. v. FDIC, 33 F.3d 106, 116 (1st Cir. 1994), in truth this extends to cases removed to federal court. See Aliberti v. First Meridian Group, 795 F. Supp. 42, 44 (D. Maine 1991). In this case, the original suit was filed in state court and removed to federal court by the FDIC upon its appointment as receiver. Insofar as the suit was filed before the receivership, dismissal for failure to exhaust administrative remedies is not necessarily automatic. This does not, however, dispose of the present motion since, pursuant to the record, Plaintiff in this case has not filed an administrative claim.

**CIVIL NO. 10-1703 (SEC)**                                                                                           Page 4

In this case, the FDIC was appointed as Eurobank's receiver on April 30, 2010. On July 23, 2010, FDIC sent a letter to Plaintiff informing them of their right to file an administrative claim no later than the claims bar date, August 4, 2010. Although it is undisputed that Plaintiffs' claim came into existence prior to the bar date, since their state court suit was filed in 2007, as of this time, Plaintiffs have not filed an administrative claim with the FDIC.[1]

Albeit late-submitted claims are usually disallowed, they are not automatically denied. In order to continue tardy claims, however, the claimant must show that he did not receive notice of the appointment of the receiver in time to file such claim before such date, and that the claim is filed in time to permit payment of such claim. Kane, 148 F.3d at 38  (citations omitted); see 12 U.S.C. § 1821(d)(5)(C)(ii)(I), (II)). This Circuit also permitted a plaintiff to file a late claim against the FDIC for compensatory damages where his claim did not come into existence until after the statutory bar date for filing claims. See Heno v. FDIC, 20 F.3d 1204, 107-1208. In the present case, the period to file a proof of claim has elapsed, and Plaintiffs have not alleged any of the exceptions that would allow continuance of an untimely filed claim, such as that they did not receive notice of the appointment of the receiver. Additionally, their claims came into existence prior to the FDIC's appointment as receiver. Considering that more than 5 months have elapsed from the bar date, and that Plaintiffs have not moved to file a proof of claim, this Court finds that staying the present case would be a waste of judicial resources.

---

[1] "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441. Since original jurisdiction over this action to which the FDIC  is a party is provided in 12 U.S.C. § 1819(b)(2)(A) and the case was pending in the state courts of [Puerto Rico], this was the 'appropriate' court to exercise removal jurisdiction." Aliberti, Larochelle & Hodson Engineering Corp. v. First Meridian Group, 795 F. Supp. 42, 46 (D. Me. 1992)

**CIVIL NO. 10-1703 (SEC)**　　　　　　　　　　　　　　　　　　　　　　　　Page 5

Pursuant to the record, there is currently no administrative process that merits suspending this case's docket. Notwithstanding, dismissal of the present case does not preclude Plaintiffs from seeking judicial review of denial of any administrative claims filed that we are unaware of or filed after the present order and ruled upon by the FDIC.[2] Accordingly, Plaintiffs' claims are **DISMISSED without prejudice**.

　　　**IT IS SO ORDERED.**

　　In San Juan, Puerto Rico, this 26th day of January, 2011.

　　　　　　　　　　　　　　　s/*Salvador E. Casellas*
　　　　　　　　　　　　　　　Salvador E. Casellas
　　　　　　　　　　　　　　　U.S. Senior District Judge

---

[2] This Court notes that the FDIC notified Plaintiffs about the bar date on July 23, 2010, and granted them until August 4, 2010 to file any administrative claims, that is, approximately two weeks. This in itself could be impugned by Plaintiffs as insufficient time under the applicable law. As such, this also influences our dismissal without prejudice of Plaintiffs' claims.